UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| DENA E. FOULK SPENCLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-512 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

      This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). Plaintiff filed her application for benefits on February 20, 2004 (A.R. 54-56), claiming a September 1, 2002 onset of disability. On September 21, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 290-330). During this hearing the ALJ received testimony from three witnesses: (1) plaintiff, (2) Michele Robb, a vocational expert; and (3) Dr. Louis Hoffman,[1] a medical expert. (A.R. 290-330). Dr. Hoffman testified that, in his opinion, plaintiff's mental impairments were not severe enough to meet or equal the requirements of any listed impairment. (A.R. 318-19). He expressed an opinion that plaintiff would be capable of performing unskilled, repetitive work involving limited public contact (A.R. 319-20), and that he disagreed with plaintiff's counselor's assessment of plaintiff's

---

[1] The hearing transcript's typographical errors referring to Dr. "Louise" Hoffman have been ignored. The transcript lists Joyce Stone as a fourth witness, but Ms. Stone attended the hearing as an observer (A.R. 292-94), and she offered no substantive testimony.

functional restrictions. (A.R. 324). On December 21, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-24). On June 10, 2006, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On August 1, 2006, plaintiff filed her complaint seeking review of the Commissioner's decision denying her claim for DIB benefits.

Plaintiff's brief contains the following statement of errors:

I. WHETHER THE ALJ ERRED IN AFFIXING "LITTLE" WEIGHT TO THE OPINION OF MS. SPENCLEY'S MENTAL HEALTH THERAPIST AS SUCH OPINIONS MUST BE CONSIDERED IN DETERMINING HOW HER MENTAL IMPAIRMENTS AFFECT HER ABILITY TO WORK IN ACCORDANCE WITH 20 C.F.R. 404.1513(d) AND SSR 06-03P[.]

II. WHETHER THE ALJ ERRED IN FAILING TO FIND THAT MS. SPENCLEY'S DEPRESSION MEETS AND/OR EQUALS THE CRITERIA OF LISTING[S] 12.04 AND 12.06 BY MISEVALUATING THIS CASE AT STEP 3 OF THE SEQUENTIAL EVALUATION PROCESS IN SUMMARILY CONCLUDING THAT "NO EXAMINING OR TREATING DOCTOR HAS MENTIONED FINDINGS EQUIVALENT TO THE CRITERIA OF ANY LISTED IMPAIRMENT," WHEN SUCH EVIDENCE WAS IN THE RECORD AND IN FAILING TO PROVIDE ANY GOOD REASONS FOR DISCREDITING THE TREATING SOURCE'S OPINION THAT LISTING 12.04 AND 12.06 WERE MET[.]

(Plf. Brief at 8, docket # 8). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v.*

*Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on September 1, 2002, her alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had severe impairments of "reactive airway disease, degenerative disc disease, social anxiety disorder (panic attacks), post traumatic stress syndrome (PTSD), and depression." (A.R. 22). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17-18). The ALJ found that plaintiff's subjective complaints were not fully credible. (A.R. 19-20). The ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform simple, repetitive tasks in a limited public setting with no exposure to bleach or similar products and irritants. (A.R. 23). Plaintiff was unable to perform her past relevant work. Plaintiff was 40 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has more than a high school education. The ALJ found that plaintiff did not have "transferable work skills from any past relevant work and/or transferability of skills [was] not an issue in the case." (A.R. 23). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were 44,000 jobs locally and 734,000 jobs nationally that the hypothetical person would be capable of performing. (A.R. 328). The ALJ held that this constituted a significant number of jobs, and found that plaintiff was not disabled. (A.R. 16-24).

**1.**

Plaintiff argues that the ALJ's decision should be overturned because the ALJ failed to give adequate weight to the opinions expressed by plaintiff's social worker, Ms. Michelle McGivern, MSW. On September 15, 2005, Ms. McGivern completed two forms in support of plaintiff's claim for DIB benefits: (1) a psychiatric review technique form (A.R. 260-72); and (2) a form captioned as "Medical Opinion Re: Ability to do Work-Related Activities (Mental)" (A.R. 254-59). The former expressed Ms. McGivern's opinion that plaintiff met the requirements of listing 12.04 for affective disorders and listing 12.06 for anxiety-related disorders. The latter reflected Ms. McGivern's opinion that plaintiff generally lacked the abilities and aptitudes necessary to perform the requirements of unskilled work.

Ms. McGivern was a social worker who provided plaintiff with counseling sessions. She was not a treating physician. A social worker's opinion is not an opinion of an acceptable medical source. 20 C.F.R. § 404.1513(a). Thus, it is not entitled to any particular weight. *See Eldridge v. Apfel*, No. 98-5427, 1999 WL 196564, at * 2 (6th Cir. Mar. 30, 1999) ("[A]lthough the administrative judge is required to consider evidence presented by certain 'acceptable medical sources' including psychiatrists and psychologists, a social worker is simply considered an 'other source' whose opinion the administrative law judge *may* consider."); *accord Boyett v. Apfel,* 8 F. App'x 429, 433 (6th Cir. 2001); *Ferguson v. Commissioner*, No. 95-2152, 1996 WL 341147, at * 1 (6th Cir. June 19, 1996)("The Commissioner is not bound by a treating physician's opinion, much less that of a social worker."). Because Ms. McGivern was not an "acceptable medical source," she fell outside the definition of a "treating source," and thus, the ALJ was not required to provide "good reasons" for rejecting her opinions. *See* 20 C.F.R. § 404.1502 ("*Treating source* means your own

physician, psychologist, or other acceptable medical source who provides you or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."); *see also Smith v. Commissioner*, 482 F.3d 873, 876 (6th Cir. 2007). Here, the ALJ expressly considered Ms. McGivern's opinions, and provided numerous reasons for giving them little weight:

> After considering the totality of the evidence, the undersigned affixes little weight to the therapist Michele A. McGivern's opinion of the claimant's diagnosis, resulting limitations and disability for the following reasons. First, with regard to the report dated September 15, 2005, (Exhibit 16F), the therapist does not provide objective medical evidence to support her decision. The extremely limited residual functional capacity seems to be contradicted by her own progress notes, as well as the opinion of treating physician Dr. Davis (Exhibit 14F/3). Second, when one views the objective medical evidence of record, it becomes clear that the therapist's opinions of the claimant's limitations is a conclusion based mostly upon the claimant's subjective complaints, as opposed to the objective evidence. There are no objective medical findings to support her opinions, including her own minimal progress notes. Third, the state agency medical consultant also determined that the claimant was able to do unskilled work with a limitation to simple repetitive tasks and limited public contact. This finding is consistent with the totality of the evidence, including longitudinal treatment notes from Dr. Davis (Exhibits 12F and 14F), and Dr. Hoffman's testimony. Fourth, the therapist's opinion of resulting functional limitations and disability is not supported by the other substantial evidence of record, including the records of the claimant's consulting, examining and treating sources. Since the therapist's opinion is not supported by medically determinable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence of record, it is affixed little weight. Furthermore, the undersigned needs evidence from acceptable medical sources to establish whether the claimant has a medically determinable impairment. Therapists are not medically acceptable sources (20 C.F.R. § 404.1513(d)(1)).

(A.R. 20-21).

Even if Ms. McGivern had been a treating physician, the law is well established that an ALJ is not bound by a treating physician's opinion that a claimant is disabled. The ultimate issue of disability is reserved to the Commissioner. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *see also* 20 C.F.R. § 404.1527(e). Even a treating physician's opinion that a patient meets the requirements of a listed impairment is "not entitled to any special weight." *Zapf v.*

*Commissioner*, No. 97-3496, 1998 WL 252764, at * 2 (6th Cir. May 11, 1998). The determination whether a claimant satisfies the requirements of a listed impairment is a legal determination to be made by the ALJ. *See Durette v. Commissioner*, No. 94-3734, 1995 WL 478723, at * 3 (6th Cir. Aug. 11, 1995) ("It is the role of the ALJ and not the treating physician to make the legal determination of disability. . . .") (citing *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986)); *Curry v. Secretary of Health & Human Servs.*, No. 87-1779, 1988 WL 89340, at * 5 (6th Cir. Aug. 29, 1988) (ALJ is responsible for deciding the legal question regarding whether the requirements of a listing have been met or equaled); 20 C.F.R. § 404.1527(e)(2); *see also Nagle v. Commissioner*, No. 98-3984, 1999 WL 777355, at * 3 (6th Cir. Sept. 21, 1999) ("[T]he finding of disability is made by the Commissioner, not a physician.").

Plaintiff invokes SSR 06-03p in support of the argument that the ALJ failed to give sufficient weight to Ms. McGivern's opinions. (Plf. Brief at 11-13). The ALJ issued his decision on December 21, 2005. SSR 06-03p was not issued until August 9, 2006, nearly 8 months after the ALJ issued the Commissioner's decision. *See Titles II & XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by other Governmental and Nongovernmental Agencies*, SSR 06-03p (reprinted in 2006 WL 2329939 (SSA Aug. 9, 2006)). Even assuming *arguendo* that SSR 06-03p had been in effect as of the date of the ALJ's decision, it would have supported rather than undermined the ALJ's decision. SSR 06-03p expressly states that, "[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose opinions may be entitled to controlling weight." 2006 WL 2329939, at * 2. SSR 06-03p recognizes that the factors identified in 20 C.F.R. § 404.1527(d) "explicitly apply only to the evaluation of

medical opinions from 'acceptable medical sources.'" 2006 WL 2329939, at * 4.  The ALJ may, but is not required to consider those factors in evaluating opinion evidence from "other sources."  Not every factor will apply in every case.  "For opinions from other sources such as . . . social workers who are not medical sources, and other non-medical professionals, it would be appropriate to consider such factors as the nature and extent of the treatment relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with the other evidence, and any other factors that tens to support or refute the opinion."  *Id.* at 5.  These are precisely the types of factors that the ALJ took into account when he gave little weight to Ms. McGivern's opinions.

In summary, I find that plaintiff's arguments that the ALJ failed to give sufficient weight or provide good reasons for rejecting Ms. McGivern's opinions are meritless, and do not provide any basis for disturbing the Commissioner's decision.

**2.**

Plaintiff argues that the ALJ erred when he failed to find that plaintiff met or equaled the requirements of listings 12.04 and 12.06.  Plaintiff states that SSR 96-5p "recognizes that since a treating source is usually the best source of documentation regarding whether a plaintiff's impairments meet the requirement of a listed impairment," and that "the ALJ 'looks to the treating source for medical evidence with which he or she can determine whether an individual's impairment meets a listing.'"  (Plf. Brief at 16).  Plaintiff then argues that the "most knowledgeable treating source who is most clinically aware of Ms. Spencley's symptoms from her 'severe' mental

impairments, is her counselor, Michele McGivern." (*Id.*). The foundational flaw in plaintiff's argument is that Ms. McGivern was not a "treating source." *See* 20 C.F.R. § 404.1502. Whether plaintiff met or equaled the requirements of a listed impairment is an issue reserved to the Commissioner. The authorities cited in the previous section of this report and recommendation establish that the ALJ is not bound by a social worker's opinion that her client meets or equals a listed impairment. "No examining or treating doctor has mentioned findings equivalent in severity to the criteria in any listed impairment." (A.R. 17). A state agency medical consultant opined that the claimant's medical condition did not meet or equal any listing. Dr. Hoffman, an independent medical expert, testified that the claimant's impairments were not of a severity to meet or equal any listed impairment. The opinions expressed by plaintiff's treating physician, Troy Davis, D.O. (A.R. 248) and consulting psychiatrist P. Nagesh, M.D. (A.R. 250-53) were consistent with the ALJ's determination that plaintiff did not meet or equal the requirements of a listed impairment. The ALJ's opinion carefully explained why plaintiff failed to satisfy the part C requirements of listings 12.04 and 12.06. (A.R. 18). I find that the ALJ's determination that plaintiff did not meet or equal the requirements of any listed impairment is supported more than substantial evidence.

**3.**

Plaintiff attempts to interject a new argument in her reply brief: she asserts that the ALJ erred when he "failed to consider effects of Plaintiff's obesity on her ability to perform regular full time work." (Plf. Reply Brief at 1, docket #12). Raising a new argument in a reply brief is patently improper, and constitutes a violation of the court's Order Directing the Filing of Briefs. (docket # 7, ¶ 1). It is well established that a reply brief is not the proper place to raise new

arguments. *See e.g.*, *Jones v. Reynolds*, 438 F.3d 685, 695 (6th Cir. 2006); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 726 n.19 (6th Cir. 2005); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). A reply brief is the plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments. I find that the new argument raised in plaintiff's reply brief has been waived.

Assuming *arguendo* that the argument has not been waived, it is patently meritless. Plaintiff's attorney candidly acknowledged at the outset of plaintiff's hearing that plaintiff's "main case" for disability was based on her mental impairments. (A.R. 292). Counsel did not elicit any testimony establishing that plaintiff suffered from obesity-related functional limitations. In fact, the word obesity does not appear in the hearing transcript. Plaintiff argues that it was "egregious error" for the ALJ to find that plaintiff's obesity was a severe impairment and not discuss how that impairment impacted plaintiff's "ability to per form full-time regular employment." (Plf. Reply Brief at 2). The short answer to this argument is that the ALJ did not find that plaintiff's obesity was a severe impairment. (A.R. 17, 22-23).

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  August 3, 2007            /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).