UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENA E. FOULK SPENCLEY,

        Plaintiff,                        File No. 1:06-CV-512

v.

                                          HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This action comes before the Court on Plaintiff Dena E. Foulk Spencley's objections to the Magistrate Judge's August 3, 2007, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits be affirmed. This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        Plaintiff's first two objections are essentially a reiteration of the arguments made in her initial brief submitted to the Magistrate Judge. Plaintiff disagrees with the Magistrate Judge's rejection of her argument that the Commissioner's decision should be reversed because the Administrative Law Judge ("ALJ") failed to accord proper weight to the opinions of Plaintiff's therapist, and specifically to the therapist's opinion that Plaintiff met or equaled

a listed impairment. The Magistrate Judge determined that Plaintiff's "therapist" was a social worker, that a social worker is not an "acceptable medical source," that the social worker's opinion was not entitled to any particular weight, and that the ALJ cited numerous reasons supported by the record for giving the social worker's opinion little weight. Plaintiff has not identified any specific errors in the Magistrate Judge's analysis on the issue of the weight accorded the social worker's opinion. Plaintiff has not shown that the ALJ, in deciding not to accord more weight to the social worker's opinion, failed to apply the correct legal standards. Neither has she shown that the decision was not supported by substantial evidence in the record. Instead, Plaintiff appears to be seeking an independent *de novo* review of the evidence by the Court. The Court is not permitted to review the evidence *de novo* or to substitute its findings for those of the ALJ. *Walters v. Comm'r*, 375 F.3d 387, 390 (6th Cir. 1997). As long as the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405. Upon review, the Court is satisfied that the R&R properly upheld the ALJ's decision over Plaintiff's arguments regarding the lack of weight accorded to the social worker's opinions.

Plaintiff's second objection concerns the ALJ's failure to consider her obesity in assessing her residual functional capacity. The Magistrate Judge found that Plaintiff had waived this argument by raising it for the first time in her reply brief. (R&R at 9-10.) Plaintiff attempts to excuse her failure to raise this argument in her initial brief on the basis of "the amount of error" in the ALJ's unfavorable decision. (Pl. Obj. at 4.) Plaintiff only

identified two alleged errors by the ALJ in her initial brief. The Court agrees with the Magistrate Judge's determination that Plaintiff waived her obesity argument by failing to address it in her initial brief, and the Court is not persuaded that "the amount of error" in the ALJ's decision provides a satisfactory basis for excusing Plaintiff's waiver. Accordingly,

**IT IS HEREBY ORDERED** that the August 3, 2007 Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.


Date:    September 24, 2007            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE